

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **FOX ELECTRIC I, LTD.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| VS. | § | **CIVIL ACTION NO.** |
| | § | |
| **AMERISURE INSURANCE COMPANY,** | § | ________________ |
| | § | |
| **Defendant.** | § | 4-05CV-118-Y |

**DEFENDANT'S ORIGINAL ANSWER AND JURY DEMAND**

COMES NOW, **AMERISURE INSURANCE COMPANY**, DEFENDANT herein, and answers Plaintiff's Original Petition, as follows:

**I.**

**ANSWER**

Defendant hereby answers the Plaintiff's allegations according to the paragraphs of the Original Petition, as follows:

1. Admitted that Plaintiff intended to conduct discovery under Level II of the Texas Civil Rules of Civil Procedure, but denied that that procedure is now applicable in federal court.

2. Admitted.

3. Admitted.

4. Denied. The real estate project, that is the subject of this litigation, is located in Dallas County, Texas, and the underlying litigation that is the subject of Plaintiff's Original Petition was filed in Dallas County, Texas. Amerisure reserves the right to request a transfer of venue to the Dallas Division of this federal court.

5. Admitted, except that the Federal Declaratory Judgment Act now applies, rather than the Texas Declaratory Judgment Act.

6. Admitted.

7. Admitted.

8. Admitted, except that Amerisure is without sufficient knowledge to form a belief as to the dates of substantial completion and occupancy, so the same are denied.

9. Admitted that Aventura Condominium Association, Inc. brought suit against Addison Spetrum, L.P. and Frank Dale Construction, Inc. and others in the 160th Judicial District Court of Dallas County, Texas, Cause No. 03-09222H (the "Lawsuit") but Amerisure denies the characterization of such litigation. The pleadings in that Lawsuit speak for themselves.

10. Denied. The pleadings in the Lawsuit speak for themselves.

11. Amerisure is without sufficient information to admit or deny when "the alleged wrongful acts on the part of Fox occurred", therefore the same is denied. The remainder of this paragraph is denied.

12. Denied, except it is admitted that Fox demanded a defense from Amerisure and that Amerisure declined to provide a defense to Fox with respect to the Lawsuit. The remainder of the allegations in this paragraph are denied.

13. Denied.

14. Admitted that Fox brings this suit seeking a declaration that it is entitled to a defense of the Lawsuit, but denied that Amerisure owes a defense of such Lawsuit.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Admitted that Plaintiff has properly demanded a jury trial.

24. Denied that a Texas Rule of Civil Procedure 194 Request For Disclosure is applicable to this suit removed to federal court.

## AFFIRMATIVE DEFENSES

## II.

## LACK OF OCCURRENCE

The Underlying Suit does not allege or involve an "occurrence" as that term is defined and used in the Amerisure Policy.

## III.

## LACK OF PROPERTY DAMAGE

The Underlying Suit does not allege or involve "property damage" as that term is defined and used in the Amerisure Policy. The parties suing Fox Electric do not allege that they sustained property damage. Economic damages (including the failure to obtain the benefit of a contract) are not property damage within the meaning of the Policy. Also "your work," and "your product," are not included in "property damage" Exclusions K and L, nor is impaired property, Exclusion M,

considered property damage. Also, any alleged property damage was not manifest during the policy period.

**IV.**

**BUSINESS RISK EXCLUSIONS**

The CGL Policy issued by Amerisure was never meant to function as a Surety Bond. The CGL Policy does not guarantee the work of the insured. The Policy does not cover, and excludes, claims for breach of contract. The Policy contains "business risk exclusions" which exclude coverage for breach of contract allegations in the context of construction work if the insured fails properly to perform his contracts. These business risk exclusions include *Exclusion B* "Contractual Liability"; *Exclusion K* "Damage to 'Your Product'"; *Exclusion L* "Damage to 'Your Work'"; and *Exclusion M* "Damage to Impaired Property." These exclusions exclude coverage for claims in the underlying Lawsuit.

**V.**

**NO "BAD FAITH"**

Texas does not recognize the tort of violation of the duty of good faith and fair dealing in the context of liability insurance. *Maryland Casualty Insurance Co. v. Head Industrial Coatings & Services, Inc.*, 938 S.W.2d 27, 28-29 (Tex. 1996). As a matter of law, the Court should enter Judgment in favor of Amerisure as to all claims for "bad faith" or "breach of the duty of good faith and fair dealing."

VI.

**INTENTIONAL INJURY EXCLUSION**

The Policy excludes all claims for damages expected or intended by the insured. (Exclusion a, GCL Policy.)

VII.

**DEFENDANT'S JURY DEMAND**

Defendant demands a jury trial.

VIII.

**CONCLUSION**

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court order that Plaintiff take nothing, and for such other and further relief to which Defendant shows itself justly entitled.

Respectfully submitted,

**THE LAW OFFICES OF DAVID M. PRUESSNER**

**DAVID M. PRUESSNER**
State Bar No. 16364500
10100 N. Central Expwy., Suite 600
Dallas, Texas 75231
(214) 696-0600
(214) 692-6474 [Fax]
**ATTORNEY FOR DEFENDANT**
**AMERISURE INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

THIS WILL CERTIFY that a true and correct copy of Defendant's Original Answer And Jury Demand has been sent via certified mail, return receipt requested, to Michael R. Knox, 101 Summit Avenue, Suite 914, Fort Worth, Texas 76102, counsel for Plaintiff, on this the 18th day of February, 2005.

**DAVID M. PRUESSNER**

5230\ANSWER